**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| UTIFE BLACKWELL | : | |
| | : | |
| Appellant | : | No. 1333 EDA 2022 |

Appeal from the PCRA Order Entered April 29, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009807-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| UTIFE H. BLACKWELL | : | |
| | : | |
| Appellant | : | No. 1334 EDA 2022 |

Appeal from the PCRA Order Entered April 29, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009149-2016

BEFORE:  BOWES, J., NICHOLS, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED JUNE 17, 2024**

Appellant, Utife H. Blackwell, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which denied his petition under the Post-Conviction Relief Act ("PCRA").[1]  We affirm.

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

A prior panel of this Court summarized some of the relevant facts and procedural history of this case as follows:

> In 2016, Appellant and several accomplices committed three separate home invasions; during one of those incidents, Appellant's co-defendant beat and stabbed Joseph Daly to death. (N.T. Plea Hearing, 6/11/18, at 57-61). On June 11, 2018, Appellant entered an open guilty plea to multiple charges on three dockets. (**See id.** at 62). Specifically, at CP-51-CR-0009807-2016 ("docket 9807-2016"), Appellant pled guilty to one count each of third-degree murder, conspiracy to commit murder, burglary, and robbery; at CP-51-CR-0009149-2016 ("docket 9149-2016"), Appellant pled guilty to burglary, conspiracy to commit burglary, robbery, and terroristic threats; and at CP-51-CR-0001074-2017 ("docket 1074-2017"), Appellant pled guilty to burglary and theft.
>
> On September 7, 2018, the court imposed an aggregate sentence of 50 to 100 years of incarceration, across all dockets. … On September 17, 2018, Appellant timely filed a post-sentence motion. On January 11, 2019, the court denied Appellant's motion. On February 12, 2019, Appellant timely filed a notice of appeal, but this Court dismissed his appeal due to his failure to file a docketing statement. On July 26, 2019, Appellant timely filed a *pro se* [PCRA petition.] The court appointed counsel for Appellant and on February 9, 2020, Appellant filed an amended PCRA petition[, requesting the court to reinstate his direct appeal rights]. On September 18, 2020, the court granted Appellant PCRA relief and reinstated his direct appeal rights *nunc pro tunc*.
>
> Appellant timely filed notices of appeal *nunc pro tunc* related to only dockets 9149-2016 and 9807-2016. Appellant did not appeal the sentence at docket 1074-2017.

***Commonwealth v. Blackwell***, Nos. 1821 & 1822 EDA 2020, unpublished memorandum at 2-3 (Pa.Super. filed May 5, 2021) (internal footnotes omitted), *appeal denied*, ___ Pa. ___, 263 A.3d 549 (2021).

On May 5, 2021, this Court affirmed Appellant's judgment of sentence, and our Supreme Court denied allowance of appeal on September 21, 2021. *See id.* On December 27, 2021, Appellant filed a timely *pro se* PCRA petition at dockets 9149-2016 and 9807-2016, alleging that plea counsel provided ineffective assistance by failing to object to prejudicial remarks by the prosecutor and failing to address the issue of Appellant's competency prior to the plea hearing. The court appointed counsel, who subsequently filed a motion to withdraw as counsel and ***Turner/Finley***[2] "no merit" letter. On March 11, 2022, the court issued notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant file a *pro se* response to the Rule 907 notice on April 11, 2022, claiming that counsel failed to investigate a claim of "prosecutorial corruption."[3] Nevertheless, Appellant did not seek permission to amend his PCRA petition to add the vaguely described claim of prosecutorial corruption.

On April 29, 2022, the court dismissed Appellant's PCRA petition and permitted PCRA counsel to withdraw. On May 10, 2022, Appellant timely filed *pro se* notices of appeal at dockets 9149-2016 and 9807-2016. On May 12, 2022, the court ordered Appellant to file a concise statement of errors

---

[2] ***Commonwealth v. Turner***, 518 Pa. 491, 544 A.2d 927 (1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[3] Appellant did not specify whether this claim of ineffective assistance of counsel referred to plea counsel, direct appeal counsel, or PCRA counsel.

complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant complied on July 7, 2022. Appellant filed a motion to consolidate his appeals on June 29, 2022, which this Court granted on November 15, 2022.

Appellant raises the following issues for our review:

> Did PCRA counsel provide ineffective assistance of counsel in violation of the Fifth, Sixth, and/or Fourteenth Amendments to the United States Constitution; Article I, Section 9 of the Pennsylvania Constitution; and/or Rule 904(A) of the Pennsylvania Rules of Criminal Procedure when he failed to raise the ineffectiveness of [plea] and direct appeal counsel…?
>
> Did direct appeal counsel provide ineffective assistance of counsel in violation of the Fifth, Sixth, and/or Fourteenth Amendments to the United States Constitution; Article I, Section 9 of the Pennsylvania Constitution; and/or Rule 904(A) of the Pennsylvania Rules of Criminal Procedure…?
>
> Did [plea] counsel provide ineffective assistance of counsel in violation of the Fifth, Sixth, and/or Fourteenth Amendments to the United States Constitution; Article I, Section 9 of the Pennsylvania Constitution; and/or Rule 904(A) of the Pennsylvania Rules of Criminal Procedure when he failed to:
>
> (1) challenge Appellant's competency and intellectual understanding as it pertained to his ability to enter a knowing, voluntary, and intelligent plea;
>
> (2) challenge Appellant's competency and intellectual understanding as it pertained to his ability to assist [plea] counsel during the course of his representation;
>
> (3) request a hearing and determination of criminal responsibility pursuant to 50 P.S. §7404(a)…;
>
> (4) request a bifurcation of trial pursuant to 50 P.S. §7404(c)….

- 4 -

> Did the PCRA court err when it dismissed Appellant's *pro se* motion for [PCRA] relief as frivolous, without the benefit of an evidentiary hearing … and without referencing or referring to Appellant's Rule 907 response?

(Appellant's Brief at 4-7) (reordered for purposes of disposition).

"Our standard of review of [an] order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." ***Commonwealth v. Parker***, 249 A.3d 590, 594 (Pa.Super. 2021) (quoting ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa.Super. 2013)). "The PCRA court's factual findings are binding if the record supports them, and we review the court's legal conclusions *de novo*." ***Commonwealth v. Prater***, 256 A.3d 1274, 1282 (Pa.Super. 2021), *appeal denied*, ___ Pa. ___, 268 A.3d 386 (2021).

In his first three issues combined, Appellant asserts a layered ineffective assistance of counsel claim. Appellant contends that plea counsel was ineffective for failing to challenge Appellant's competency to enter a guilty plea. Appellant asserts that his responses during the plea colloquy demonstrated that he had and continues to have a minimal understanding of the English language. Appellant further claims that he has a history of psychosis, intellectual disability, and other mental health concerns. Appellant also complains plea counsel failed to argue that Appellant was not criminally responsible for the commission of the crimes at a competency hearing or

bifurcated trial as permitted by 50 P.S. § 7404.[4]  Appellant further argues that direct appeal counsel and PCRA counsel were ineffective for failing raise these claims of plea counsel's ineffectiveness.  Appellant concludes that the court erred in dismissing his ineffective assistance of counsel claims, and this Court should vacate and remand for further proceedings.  We disagree.

"Counsel  is  presumed  to  have  rendered  effective  assistance."

---

[4] Section 7404, which is part of the Mental Health Procedures Act, states in relevant part:

**7404.    Hearing  and  determination  of  criminal responsibility; bifurcated trial**

**(a) Criminal Responsibility Determination by Court.—** At a hearing under section 403 of this act[, regarding competency to proceed with court proceedings,] the court may, in its discretion, also hear evidence on whether the person was criminally responsible for the commission of the crime charged.  It shall do so in accordance with the rules governing the consideration and determination of the same issue at criminal trial.  If the person is found to have lacked criminal responsibility, an acquittal shall be entered.  If the person is not so acquitted, he may raise the defense at such time as he may be tried.

*    *    *

**(c) Bifurcation of Issues or Trial**.—Upon trial, the court, in the interest of justice, may direct that the issue of criminal responsibility be heard and determined separately from the other issues in the case and, in a trial by jury, that the issue of criminal responsibility be submitted to a separate jury. Upon a request for bifurcation, the court shall consider the substantiality of the defense of lack of responsibility and its effect upon other defenses, and the probability of a fair trial.

50 P.S. § 7404 (a), (c) (footnote omitted).

*Commonwealth v. Hopkins*, 231 A.3d 855, 871 (Pa.Super. 2020), *appeal denied*, 663 Pa. 418, 242 A.3d 908 (2020).

> [T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa.Super. 2019), *appeal denied*, 654 Pa. 568, 216 A.3d 1029 (2019) (internal citations and quotation marks omitted). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. *Commonwealth v. Chmiel*, 612 Pa. 333, 30 A.3d 1111 (2011).

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has forgone and which forms the basis for the assertion of ineffectiveness is of arguable merit[.]" *Commonwealth v. Smith*, 167 A.3d 782, 788 (Pa.Super. 2017), *appeal denied*, 645 Pa. 175, 179 A.3d 6 (2018) (quoting *Commonwealth v. Pierce*, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994)). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa.Super. 2004) (quoting *Commonwealth v. Geathers*, 847 A.2d 730, 733 (Pa.Super. 2004)).

"Once this threshold is met we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate his client's interests." *Commonwealth v. Kelley*, 136 A.3d 1007, 1012 (Pa.Super. 2016) (quoting *Pierce, supra* at 524, 645 A.2d at 194-95).

> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

*Commonwealth v. King*, 259 A.3d 511, 520 (Pa.Super. 2021) (quoting *Sandusky, supra* at 1043-44).

"To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. [A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding." *Commonwealth v. Spotz*, 624 Pa. 4, 33-34, 84 A.3d 294, 312 (2014) (internal citations and quotation marks omitted). "[A] criminal defendant alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Hopkins, supra* at 876 (quoting *Commonwealth v. Chambers*, 570 Pa. 3, 33, 807 A.2d 872, 883 (2002)).

"Allegations of ineffectiveness in connection with the entry of a guilty

plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Moser*, 921 A.2d 526, 531 (Pa.Super. 2007) (internal citation omitted). Pennsylvania law does not require the defendant to "be pleased with the outcome of his decision to enter a plea of guilty[; a]ll that is required is that his decision to plead guilty be knowingly, voluntarily and intelligently made." *Id.* at 528-29. A guilty plea will be deemed valid if the totality of the circumstances surrounding the plea shows that the defendant had a full understanding of the nature and consequences of his plea such that he knowingly and intelligently entered the plea of his own accord. *Commonwealth v. Fluharty*, 632 A.2d 312 (Pa.Super. 1993). "In order to make a knowing and intelligent waiver, the individual must be aware of both the nature of the right and the risks and consequences of forfeiting it." *Commonwealth v. Houtz*, 856 A.2d 119, 122 (Pa.Super. 2004) (quoting *Commonwealth v. Payson*, 723 A.2d 695, 700 (Pa.Super. 1999)).

Pennsylvania law presumes the defendant is aware of what he is doing when he enters a guilty plea, and the defendant bears the burden to prove otherwise. *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa.Super. 2003). "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Id.* Further, to establish prejudice based on counsel's

ineffectiveness in connection with a guilty plea, the petitioner must show there is a reasonable probability that, but for counsel's errors, the petitioner would not have pled guilty and would have insisted on going to trial. ***Commonwealth v. Barndt***, 74 A.3d 185, 192 (Pa.Super. 2013).

Additionally, regarding "layered" claims of ineffective assistance:

> [A petitioner] "must plead in his PCRA petition that his prior counsel, whose alleged ineffectiveness is at issue, was ineffective for failing to raise the claim that the counsel who preceded him was ineffective in taking or omitting some action." The petitioner must further "present argument, in briefs or other court memoranda, on the three prongs of the [the ineffectiveness] test as to each relevant layer of representation."

***Commonwealth v. Montalvo***, 651 Pa. 359, 379-80, 205 A.3d 274, 286 (2019) (quoting ***Commonwealth v. McGill***, 574 Pa. 574, 589, 832 A.2d 1014, 1023 (2003)).

Instantly, Appellant's competency to participate in court proceedings was thoroughly evaluated prior to his plea hearing. The record discloses that on April 24, 2018, the court ordered a mental health evaluation. Appellant was deemed incompetent to participate in court proceedings on April 27, 2018. Thereafter, Appellant was committed to the prison mental health services wing for a period of thirty days. On May 10, 2018, plea counsel filed a notice of diminished capacity or mental infirmity defense. The court then ordered another mental health evaluation. On May 30, 2018, Robert Stanton, M.D., evaluated Appellant and deemed him competent to take part in legal proceedings.

- 10 -

Ultimately, Appellant elected to plead guilty. Prior to accepting the plea, the court inquired into Appellant's competency at the plea hearing held on June 11, 2018. Appellant stated that he understood the English language.[5] Appellant further stated that he was receiving treatment while incarcerated, particularly talk therapy and medication, to address his mental health diagnosis. Appellant affirmed that he was taking his medication regularly and the medication was helping him with his mental health struggles. Based on Appellant's responses to the court's questions, the court's observations of Appellant's demeanor, and the report by Dr. Stanton, the court determined that Appellant was competent to proceed with the plea hearing. The record simply belies Appellant's claim that plea counsel failed to raise the issue of Appellant's competency prior to Appellant's guilty plea. Rather, plea counsel raised the issue of competency, Appellant was evaluated, and ultimately found to be competent. Thus, Appellant's claim of plea counsel's ineffectiveness on this ground fails. *See Smith, supra*. *See also Commonwealth v. Tedford*, 598 Pa. 639, 707, 960 A.2d 1, 41 (2008) (holding that ineffective assistance of counsel claim lacks arguable merit where defendant faults counsel for failing

_____

[5] Appellant claims on appeal that he has minimal understanding of the English language. At the plea hearing, Appellant initially told the court that he only somewhat understands English when it is spoken to him. Upon further questioning, Appellant confirmed that English is his first language, he understands spoken English, and can read and write English. Additionally, Appellant responded appropriately to the court's questions throughout the hearing. As such, the record does not support Appellant's assertion that he has a minimal understanding of English.

to do something that counsel did, in fact, do). Because Appellant failed to establish that plea counsel was ineffective on this basis, his layered ineffective assistance claims regarding direct appeal counsel and PCRA counsel also fail on this basis. **See Montalvo, supra**.

Regarding Appellant's claim that plea counsel was ineffective for failing to raise the issue of criminal responsibility at a competency hearing or a bifurcated trial as permitted by 50 P.S. § 7404, we emphasize that Appellant provides no evidence to support a claim that he was not criminally responsible for the crimes. The mere fact that Appellant was deemed incompetent to participate in court proceedings for a period during the pendency of his case does not necessarily mean that Appellant was not criminally responsible for his criminal actions. **See Commonwealth v. Murphy**, 493 Pa. 35, 40, 425 A.2d 352, 354 (1981) (holding trial court did not err in denying appellant's request for bifurcated trial to determine criminal responsibility pursuant to Section 7404 where only evidence on record to support appellant's request related to his competency to stand trial; competency determination relates only to accused's mental state at time proposed for trial and is not necessarily relevant as to accused's mental state at time offenses were committed). Significantly, nothing in the record suggests that Appellant would have been deemed legally insane had counsel raised the issue of criminal responsibility

at the time the court evaluated Appellant's competency to stand trial.[6]  As such, Appellant has failed to establish arguable merit to his claim.  ***See, e.g., Commonwealth v. Avery***, 277 A.3d 1132 (Pa.Super. filed Apr. 11, 2022) (unpublished memorandum)[7] (holding that Section 7404 does not create additional mental health defenses than those otherwise available at law; appellant's claim that counsel was ineffective for failing to raise issue of appellant's criminal responsibility lacked arguable merit where appellant did not allege or provide support to establish that he met definition of legal insanity at time offenses were committed).  Accordingly, Appellant's layered ineffective assistance of counsel claim also fails.  ***See Poplawski, supra***.  ***See also Montalvo, supra***.

We further observe that Appellant, who was deemed competent to participate in legal proceedings, specifically affirmed at the guilty plea hearing that he understood the elements of each charge to which he was pleading guilty, including the required *mens rea* for each charge.  Appellant confirmed that he was choosing to plead guilty because he committed the offenses.

_____

[6] In his brief, Appellant also cites to Dr. Anna Lawler's testimony at his sentencing hearing.  While Dr. Lawler's testimony establishes that Appellant has a history of mental illness and low cognitive functioning, Dr. Lawler does not draw conclusions about Appellant's specific state of mind at the time of the offenses nor does she opine that Appellant was legally insane such that he was not criminally responsible for his conduct.

[7] ***See*** Pa.R.A.P. 126(b) (stating non-precedential decisions from this Court filed after May 1, 2019 may be cited for their persuasive value).

Appellant indicated that the factual basis for each offense was accurate. Appellant stated that he understood the rights that he was giving up by pleading guilty, including the right to a trial and any defenses that he could raise at trial. Appellant confirmed that he had the opportunity to fully discuss his case with plea counsel and was satisfied with plea counsel's representation. He further affirmed that he was entering the plea of his own volition and was not being coerced or pressured by anyone. Appellant is bound by his statements and cannot now claim that he lacked criminal responsibility for his conduct or that counsel was ineffective for failing to pursue a defense that Appellant willingly agreed to give up by pleading guilty. *See Moser, supra*; *Pollard, supra*.

In his fourth issue, Appellant asserts that the PCRA court erred by dismissing his PCRA petition without addressing the additional issue he raised in his response to Rule 907 notice regarding prosecutorial corruption. Appellant concedes that he failed to seek permission to amend his PCRA petition but argues that "such failure should be overlooked based on Appellant's lack of understanding and, more importantly, based on his intellectual disability and mental health history." (Appellant's Brief at 23). Appellant further contends that PCRA counsel was ineffective for failing to address the claim of prosecutorial corruption that Appellant identified in the Rule 907 response. Specifically, Appellant contends that PCRA counsel should have raised issues regarding "repeated violations of Appellant's right to

attorney-client privilege." (Appellant's Reply Brief at 5). Appellant concludes that the court erred in denying Appellant PCRA relief without conducting an evidentiary hearing or addressing his claim that PCRA counsel was ineffective on this ground, and this Court should vacate the order dismissing his PCRA petition. We disagree.

"The purpose behind a Rule 907 pre-dismissal notice is to allow a petitioner an opportunity to seek leave to amend his petition and correct any material defects, the ultimate goal being to permit merits review by the PCRA court of potentially arguable claims." *Commonwealth v. Rykard*, 55 A.3d 1177, 1189 (Pa.Super. 2012), *appeal denied*, 619 Pa. 714, 64 A.3d 631 (2013). Nevertheless, "[t]he response is not itself a petition and the law still requires leave of court to submit an amended petition." *Id.* Any claim not raised in the PCRA petition, or a court authorized amended PCRA petition is waived. *See Commonwealth v. Mason*, 634 Pa. 359, 402, 130 A.3d 601, 627 (2015); *see also* Pa.R.A.P. Rule 302(a) (stating "issues not raised in the [PCRA] court are waived and cannot be raised for the first time on appeal"). Thus, the PCRA court is under no obligation to address new issues raised in a Rule 907 response where the petitioner does not seek leave to amend his petition. *See Commonwealth v. Rigg*, 84 A.3d 1080, 1085 (Pa.Super. 2014).

Nevertheless, "where the new issue is one concerning PCRA counsel's representation, a petitioner can preserve the issue by including that claim in

- 15 -

his Rule 907 response or raising the issue while the PCRA court retains jurisdiction." *Id.* Additionally, "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." *Commonwealth v. Bradley*, ___ Pa. ___, ___, 261 A.3d 381, 401 (2021) (internal footnote omitted) (overruling prior precedent requiring PCRA petitioner to raise PCRA counsel's ineffectiveness in response to Rule 907 notice or face waiver on appeal).

Instantly, Appellant concedes that he did not seek leave of court to amend his PCRA petition to include his new claim of ineffectiveness in connection with alleged prosecutorial corruption. Appellant cites no authority for his assertion that this Court can overlook this defect due to Appellant's "lack of understanding." To the contrary, the law makes clear that any new issues raised in a Rule 907 response where the petitioner fails to request leave to amend his PCRA petition are waived. *See Mason, supra*. To the extent that Appellant is now claiming that he raised a claim of PCRA counsel's ineffective assistance in his Rule 907 response, we note that Appellant did not specify in his filing whether he was referring to plea counsel, direct appeal counsel, or PCRA counsel in his assertion that "counsel failed to investigate my newly discovered claim." (Response to Rule 907 Dismissal Notice, filed 4/11/22, at 4) (unpaginated). Thus, we cannot say that the PCRA court erred by failing to address Appellant's claim as it was presented in the response to

Rule 907 notice.[8] ***See id.***; ***Rigg, supra***.

Nevertheless, as Appellant is permitted to raise claims of PCRA counsel's ineffective assistance for the first time on appeal, we will address this claim. ***See Bradley, supra***. On appeal, Appellant appears to be raising a layered ineffective assistance of counsel claim regarding prosecutorial corruption and misconduct. However, Appellant has failed to explain in any meaningful way what instances of alleged prosecutorial corruption he is claiming counsel failed to challenge. In his Rule 907 response, Appellant made vague statements about bribery without any basis of support for his allegations. On appeal, Appellant provides no additional support for these bribery allegations, and he merely asserts that the prosecutor violated Appellant's right to attorney-client privilege. In support of the alleged violation of attorney-client privilege, Appellant cites to a portion of plea counsel's argument at sentencing about the District Attorney's office listening to Appellant's phone calls. (***See*** N.T. Sentencing, 9/7/18, at 57). This vague, singular statement by plea counsel does not demonstrate that the Commonwealth somehow violated attorney-

_____

[8] Appellant further asserts that the court erred in denying his PCRA petition without a hearing. However, Appellant failed to support this argument in his appellate brief in any meaningful way. Specifically, Appellant does not explain what evidence he would have put forth at an evidentiary hearing or what genuine issues of material fact existed such that an evidentiary hearing was necessary. As such, Appellant has waived this argument. ***See*** Pa.R.A.P. 2119(a); ***Commonwealth v. Hakala***, 900 A.2d 404 (Pa.Super. 2006), *appeal denied*, 589 Pa. 737, 909 A.2d 1288 (2006) (stating failure to develop argument on appeal results in waiver).

client privilege.[9] Thus, Appellant has wholly failed to establish that there is any arguable merit to his underlying claim of prosecutorial corruption or misconduct. **See Smith, supra**. As counsel cannot be ineffective for failing to raise a non-meritorious issue, Appellant's layered ineffective assistance of counsel claim fails. **See Poplawski, supra**; **Montalvo, supra**. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/17/2024

---

[9] Although plea counsel did not specify which phone calls he was referring to, the context of plea counsel's argument was about how Appellant had expressed remorse for his crimes and that the District Attorney's office could verify that statement by listening to Appellant's prison phone calls to hear Appellant's expressions of remorse. However, nothing in the sentencing transcript or plea counsel's argument indicates that the District Attorney's office improperly listened to any phone call between Appellant and his attorney to implicate any violation of attorney-client privilege.